IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VANUZIA DE MORAES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:24CV268 |
| ) | |
| UNION COUNTY ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Vanuzia de Moraes, a *pro se* Plaintiff, submitted a civil rights action that, construed liberally, contains a claim apparently brought pursuant to 42 U.S.C. § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff's filings are difficult to parse; as best this Court can discern, the underlying dispute appears to center around Plaintiff's contention that her ex-husband and his alleged mistress subjected her to fraud and "organized crimes[;]" that she was wrongfully arrested at "sun valley school[;]" denied medical help in "jail[;]" lost a court case; suffered damage to her company; experienced discrimination, negligence, and defamation of her character; and suffered mental and physical difficulties. (*See generally* Compl.) For the reasons explained below, this action should be transferred to the Western District of North Carolina.

The statute for determining venue in the present case is 28 U.S.C. § 1391, which reads in pertinent part:

A civil action may be brought in--

1

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff makes no allegation that venue is proper in the Middle District of North Carolina. Plaintiff does not allege that Defendant resides in this District. She does not allege that there is no district in which the instant action may be otherwise brought. Nor does she allege that any of the events described took place in this District, nor that she or anyone mentioned in any of her filings has ever been in this District. Rather, each of the incidents in the Complaint allegedly took place at locations ("UNCC" (to wit, the University of North Carolina at Charlotte), "sun valley school" (to wit, Sun Valley High School in Monroe, North Carolina), "jail" (to wit, Union County Jail, also in Monroe) and "union" (to wit, Union County)) that are in the Western District of North Carolina. 28 U.S.C. § 113. Similarly, Plaintiff's filings, liberally construed, suggest that Defendant resides in the Western District of North Carolina, because Plaintiff names the "Union County Police Department" as the sole Defendant and includes a filing from the Union County Sheriff's Office. *See* 28 U.S.C. § 1391(c), (d).

Thus, venue is not proper in the Middle District, but is proper in the Western District of North Carolina. Moreover, the Court has discretion to transfer this action to an appropriate district under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). *See, e.g., Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 277 (4th Cir. 2005); *In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 255-56 (4th Cir.

2

2002). Accordingly, and in the interest of justice, this case should be transferred to the United States District Court for the Western District of North Carolina for further proceedings.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is **GRANTED** for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be **TRANSFERRED** to the United States District Court for the Western District of North Carolina.

                                                    /s/ Joe L. Webster
                                               United States Magistrate Judge

May 14, 2025
Durham, North Carolina